UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

    DAVID LEE HENNING,

        Debtor.

Case No. 19-50395 SLJ
Chapter 7
Hon. Stephen L. Johnson

[No Hearing Requested]

## NOTICE OF SALE OF REAL PROPERTY,
## PAYMENT OF REAL ESTATE SALES COMMISSION,
## AND OPPORTUNITY FOR OVERBID

**TO CREDITORS, THE DEBTOR, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Kari Bowyer, Chapter 7 Trustee of the estate of the above Debtor, intends to sell the real property commonly known as 339 West Lowrance Avenue, Mooresville, North Carolina (the "Property") to the Whiteford Group, LLC (the "Buyer") for $102,000. The sale is subject to the opportunity for submission of overbids. The sale is also subject to a right of first refusal in favor of the Debtor's spouse, Carole Loughridge, to pay the Trustee the full and final purchase price in lieu of the sale to the Buyer or an overbidder. This right is statutory.

The Property is a single-family residence that, the Trustee is informed and believes, has been vacant since the Debtor filed his Chapter 7 petition in February 2019. The Trustee encountered a great deal of difficulty in obtaining physical and legal control over the Property. A judgment has been entered authorizing the Trustee to sell the Property free of the co-owner interest under 11 U.S.C. § 362(h). The Court has also ruled that all proceeds of sale of the Property are available for payment of creditor claims on file and allowed Chapter 7 administrative expenses.

The Trustee has exposed the Property to the local market for several months and has received a number of offers. The Trustee engaged in negotiations with two individuals at a price higher than the price being paid by the Buyer. However, the individual buyers were unwilling to make anything greater than a nominal earnest money deposit (i.e., less than one percent of the offer price) and the Trustee was concerned that the individuals would not complete the sale and put all of the risk on the estate. The Buyer is an investor and its offer is an all-cash offer.

The Trustee employed as her broker Mooresville Realty LLC and agreed to pay a real estate commission equivalent to six percent of the ultimate purchase price to Mooresville Realty and the Buyer's broker.

1

The sale is subject to overbid. The Trustee and the Buyer have agreed to "overbid protection" of $5,000 which means that the minimum acceptable overbid will be $107,000. Overbidders must be prepared to close escrow within 15 days after entry of a Bankruptcy Court order authorizing the sale. Anyone who wishes to submit an overbid should contact Carol Davis at Mooresville Realty (704-699-8544 or carol@mooresvillerealty.com) to arrange for inspections. The Trustee strongly encourages interested parties to arrange for and complete inspections before submitting an overbid because she expects overbids to be submitted without inspection or loan contingencies.

A qualifying overbid must be presented in writing, must be in an amount of at least $107,000, must contain no inspection of financing contingencies, must be supported by evidence of financial ability to close escrow, and must be accompanied by a cashier's check deposit in the amount of $10,000 payable to "Bankruptcy Estate of David Lee Henning." Qualifying overbids must be submitted for receipt by Carol Davis, Mooresville Realty, 132 Joe Knox Avenue, Suite 105-A, Mooresville, NC 28117, no later than January 3, 2020.

If one or more qualifying overbids is received by the deadline, the Trustee will schedule an auction to which all overbidders and the Buyer will be invited. The auction will be scheduled promptly after January 3, 2020, and will be held by telephone at a time chosen by the Trustee.

Overbidders should be prepared to engage in bidding increments of no less than $1,000. The Trustee will announce additional auction terms, if any, at the auction. The Trustee will conduct the auction and will select the highest and best bid in the exercise of her discretion. She will present the winning bid to the Bankruptcy Court for approval and will return the deposits of the unsuccessful bidders promptly. The deposit of the successful bidder will be retained by the Trustee and will be applied to the purchase price. The deposit will become non-refundable upon entry of an order of the Bankruptcy Court authorizing the Trustee to complete the sale, provided that no legal impediment prevents the Trustee from conveying title. If no overbid is received, the Trustee will present the Buyer's offer described above to the Bankruptcy Court for approval.

Section 363(i) of the Bankruptcy Code provides a co-owner of real property which the Trustee is selling under Section 363(h) of the Bankruptcy Code to submit an offer equivalent to the accepted sale price (the "First Right of Refusal"). Carole Loughridge, the Debtor's spouse, is also on title to the Property and has the right under Section 363(i) of the Bankruptcy Code to match the ultimate sale price accepted by the Trustee before the sale closes.

Legal authority for the sale is set forth in the Trustee's motion that is on file with the Bankruptcy Court and available from counsel for the Trustee on request of creditors without PACER access.

The Trustee is seeking a waiver of the 14-day stay of the effectiveness of an order imposed by Rule 6004(h).

2

**PLEASE TAKE FURTHER NOTICE THAT** anyone who wishes to object to the sale must do so in conformity with Rule 9014-1 of the Bankruptcy Local Rules for the Northern District of California. Rule 9014-1 prescribes the following procedure: (a) any objection to the requested relief, or request for hearing on the matter, must be filed and served upon the initiating party **within 21 days** of mailing the notice; (b) any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its positions. If there is no timely objection to the request for relief or a request for hearing, the Court may enter an order granting the relief by default. In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case. For purposes of filing with the Court, documents shall be filed with the United States Bankruptcy Court, 280 South First Street, Room 3035, San Jose, CA 95113-3099, and served on counsel for the Trustee at the address below.

DATED: December 12, 2019   RINCON LAW, LLP


By: */s/Charles P. Maher* _____
    Charles P. Maher
    Counsel for Kari Bowyer, Chapter 7 Trustee

Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA 94111
Telephone No.: 415-840-4199
Facsimile No.: 415-680-1712
E-mail: cmaher@rinconlawllp.com

3